

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 15 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RODWAN SABOW, | No.  16-35521 |
| Plaintiff-Appellee, | D.C. No. 2:16-cv-00111-JCC |
| v. | |
| AMERICAN SEAFOODS COMPANY, | MEMORANDUM* |
| Defendant-Appellant. | |

| | |
|---|---|
| RODWAN SABOW, | No.  16-35553 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-00111-JCC |
| v. | |
| AMERICAN SEAFOODS COMPANY, | |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, District Judge, Presiding

———————

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Argued and Submitted May 14, 2018
Seattle, Washington

Before: BERZON, THACKER,[**] and HURWITZ, Circuit Judges.

In this maritime case, Rodwan Sabow's former employer, American Seafoods Company LLC ("ASC"), appeals the district court's grant of Sabow's motion to compel maintenance, and Sabow cross-appeals the court's denial of attorney fees. We affirm in part and reverse in part.

**1.** Under *Barnes v. Sea Hawaii Rafting, LLC*, "seamen are entitled to maintenance in the amount of their actual expenses on food and lodging up to the reasonable amount for their locality." 889 F.3d 517, 541–42 (9th Cir. 2018) (quoting *Hall v. Noble Drilling (U.S.) Inc.*, 242 F.3d 582, 590 (5th Cir. 2001)) (italics omitted). Contrary to ASC's arguments, a maintenance award's reasonableness is not determined solely by reference to the cost of food and lodging aboard a ship. Instead, to determine the reasonableness of an award, a district court may consider "the seaman's actual costs"; "reasonable costs in the locality or region," *i.e.*, on land; "union contracts stipulating a rate of maintenance or per diem payments for shoreside food or lodging while in the service of a

---

[**] The Honorable Stephanie Dawn Thacker, United States Circuit Judge for the U.S. Court of Appeals for the Fourth Circuit, sitting by designation.

vessel"; and other maintenance awards "in the same region." *Id.* at 540 (quoting *Hall*, 242 F.3d at 590). The district court appropriately considered such factors here.

**2.** The district court also applied the correct summary judgment and burden-shifting frameworks to Sabow's motion. As required by *Barnes*, 889 F.3d at 540–42, Sabow produced prima facie evidence that his actual expenses were $37.97 per day. The burden then shifted to ASC to identify a genuine dispute as to whether "[Sabow's] actual expenses were unreasonable." *Id.* at 542; *see id.* at 537–40. ASC did not maintain that Sabow's expenses were unreasonable, but instead suggested that lower expenses of $30 per day were *also* reasonable when compared to the expenses at sea. Because ASC failed to identify a genuine dispute as to whether Sabow's actual expenses were unreasonable on-land expenses—and in fact submitted evidence of comparable expenses that exceeded Sabow's—the district court properly granted Sabow's motion to compel maintenance.

**3.** The district court did not abuse its discretion in declining to delay consideration of Sabow's pretrial motion under Fed. R. Civ. P. 56(d). ASC did not submit an "affidavit or declaration [indicating] that, for specified reasons, it [could not] present facts essential to justify its opposition," or even separately move for

3

relief under Rule 56(d). *Id.* ASC's failure to comply with the procedural requirements of Rule 56(d) "is a proper ground for denying discovery and proceeding to summary judgment." *Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008) (internal quotation marks omitted) (addressing Rule 56(d)'s substantially similar predecessor).

**4.** Taking all factors into consideration, the district court acted within its discretion in denying Sabow's request for attorney fees. *See Madeja v. Olympic Packers, LLC*, 310 F.3d 628, 635 (9th Cir. 2002).

Here, unlike in *Vaughan v. Atkinson*, 369 U.S. 527, 530–31 (1962), and *Glynn v. Roy Al Boat Mgmt. Corp.*, 57 F.3d 1495, 1497 (9th Cir. 1995), ASC did not refuse to pay maintenance to Sabow altogether; instead, it failed to raise Sabow's daily maintenance amount from $30.00 to $37.97.

Further, before *Barnes*, our standards for calculating maintenance were unclear. ASC's litigation position was therefore not entirely unfounded. And, counter to Sabow's arguments, *both* parties failed to produce to one another information concerning the payment and receipt of maintenance checks, and ASC was responsive when Sabow's counsel raised concerns as to how checks were sent.

**5.** Finally, the district court erred in denying ASC's request to enforce its contract with Sabow regarding an advance payment to Sabow. The parties agreed that Sabow's advance would be offset against any higher maintenance payments or certain other awards. Although "the right to maintenance cannot be abrogated by contract," *Gardiner v. Sea-Land Serv., Inc.*, 786 F.2d 943, 946 (9th Cir. 1986), this contract did not reduce the amount of any maintenance owed to Sabow; instead, it provided Sabow the maintenance owed to him in an advance lump sum "to cover unexpected expenses."[1]

**AFFIRMED IN PART, REVERSED IN PART, and REMANDED.**

---

[1] The parties disagree as to whether Sabow and ASC have settled this offset claim in a manner rendering it moot. On remand, the district court may consider whether such a settlement rendered the claim moot.